McCALEB, Justice,
concurring.
At the time of submission of this case, I entertained doubt as to the correctness of defendants’ position but, after a study of the majority opinion, I am convinced that the views therein expressed are sound. As I now see it, the doctrine of McDuffie *173 v. Walker, 125 La. 152, 51 So. 100, instead of supporting plaintiff, actually operates as a bar to his action — for, when he bought the property, the mineral servitude was registered on the public records as a notice to all that the land was thus encumbered. While it is true that the record exhibited that more than ten years had elapsed from the date upon which the servitude had been granted, plaintiff was not entitled to assume that it had expired by nonuser as the question of accrual of prescription could well have depended upon facts dehors the record. Hence, since the servitude was a matter of record, he should have required his vendor to have it cancelled and erased before he accepted title if he wished to have the land released from its effect. By failing so to do, he acquired the property burdened with the servitude and, therefore, could not obtain any greater rights with respect to its release than those of his grantor. Accordingly, if the servitude is in esse as between his grantor and the defendants, plaintiff cannot succeed in ■obtaining its erasure.
On the question of whether plaintiff’s .grantor has renounced an accrued prescription, I believe that the majority opinion correctly holds that the instrument entitled “Declaration of Interest” was an effective renunciation under Articles 3460, 3461 and 3462 of the Civil Code. And I am satisfied that those articles are applicable to prescription of nonuser of mineral servitudes in view of Article 3529 which specifically declares that the prescription operating as a release from debt “ * * * has also the effect of releasing the owner of an estate from every species of real rights * * * ”.
I subscribe to the majority opinion.